En el Tribunal Supremo de Puerto Rico

| WANDA COLON CORTES Y OTROS<br><br>      Recurridos<br><br>      V.<br><br>JUNTA DE CALIDAD AMBIENTAL<br><br>      Peticionaria | Certiorari<br><br>99TSPR43 |
|---|---|

Número del Caso: CC-98-161   CC-98-163

Abogados de la Parte Peticionaria: Lic. Fernando Molini Vizcarrondo
Lic. Orlando Puldón Gómez

Abogados de la Parte Recurrida: Lic. Jessica Rodríguez Martín

Abogados de la Autoridad de Carreteras y Transportación: Lic. Luis A.
Rivera Cabrera
Lic. Raúl Castellanos Malavé
Lic. Melvin Maldonado Colón
Lic. Juan Carlos Fierres (Martínez, Odell & Calabria)

Agencia Administrativa: JUNTA DE CALIDAD AMBIENTAL

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Panel integrado por:  Pres. Jueza Alfonso de Cumpiano y los Jueces
Giménez Muñoz y Miranda de Hostos

Juez Ponente:

Fecha: 3/30/1999

Materia:


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wanda Colón Cortés y otros
    Recurridos

        v.

Junta de Calidad Ambiental
    Peticionaria                CC-98-161     Certiorari
_____           CC-98-163

Wanda Colón Cortés y otros
    Recurridos

        v.

Autoridad de Carreteras y
Transportación de Puerto Rico
    Peticionaria

RESOLUCION

San Juan, Puerto Rico, a 30 de marzo de 1999.

     A la Moción Urgente, presentada el 23 de marzo de 1999 por Wanda Colón Cortés y otros, no ha lugar, sin perjuicio de que los promoventes presenten cualquier acción que en derecho proceda ante el Tribunal de Primera Instancia.

     Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió voto disidente al cual se une el Juez Asociado señor Hernández Denton. El Juez Asociado señor Negrón García inhibido. La Juez Asociada señora Naveira de Rodón no intervino.

                Isabel Llompart Zeno
          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

```
                             *
Wanda Colón Cortés y otros      *
     Recurridos                 *
                                *
         vs.                    *              CC-98-161
                                *           Cons. CC-98-163
Junta de Calidad Ambiental      *
                                *
     Peticionaria               *
                                *
_____   *              Certiorari
                                *
Wanda Colón Cortés y otros      *
     Recurridos                 *
                                *
         vs.                    *
                                *
Autoridad de Carreteras y       *
Transportación de Puerto Rico   *
     Peticionaria               *
                                *
* * * * * * * * * * * * * * * * * **
```

Voto disidente emitido por el Juez Asociado señor FUSTER BERLINGERI, al cual se une el Juez Asociado señor HERNANDEZ DENTON.


San Juan, Puerto Rico, a 25 de marzo de 1999.


Debo disentir del dictamen de la mayoría en la Resolución emitida hoy en el caso de autos por las mismas razones que hace algún tiempo me vi obligado a disentir en cuanto a una autorización similar anunciada por este Tribunal en el caso del Superacueducto. Véase voto disidente en Misión Industrial v. Junta de Planificación, resolución del 30 de junio de 1997, 143 D.P.R. ___, 97 J.T.S. 113 y en Misión Industrial v. Junta de Planificación, op. de 30 de junio de 1998, 145 D.P.R. ____, 98 J.T.S. 79.

Desde hace ya casi 18 meses está pendiente ante este Tribunal y ante el foro apelativo un importante asunto sobre la validez de la Declaración de Impacto Ambiental (DIA) aprobada por la Junta de Calidad Ambiental (JCA) en relación a la proyectada construcción de la Ruta 66. Sin una DIA debidamente aprobada, la Autoridad de Carreteras (ACT) no puede iniciar lícitamente la construcción del proyecto que aquí nos concierne.

A pesar de que este asunto de tan fundamental importancia sigue pendiente de determinación judicial final, la ACT aparentemente ha seguido adelante con sus planes de construir la proyectada Ruta 66. Los peticionarios alegan incluso, que sin que se haya completado tan siquiera el proceso de expropiación de propiedades privadas, se han estado desarrollando obras de este proyecto en dichas propiedades.

En vista de lo anterior me parece imprescindible que este Tribunal dicte una orden urgente de paralización de construcción del proyecto en cuestión hasta que el medular asunto pendiente ante este Tribunal y el foro apelativo se adjudique finalmente.

Ya en una ocasión este Foro se vio en la azarosa circunstancia de tener que resolver un asunto sobre un proyecto de magnitud comparable al de la Ruta 66 luego de que dicho proyecto estuviese bastante adelantado, precisamente por no haber querido paralizar las obras mientras adjudicábamos la validez de dicha construcción. Véase opinión disidente del Juez Asociado Fuster Berlingeri en Misión Industrial v. Junta de Planificación, supra.

En aquella ocasión este Tribunal se vio compelido a resolver que eran válidas unas obras que hacía muchos meses se habían comenzado a construir.  No debemos volver a cometer ese error.  No debemos ponernos de nuevo en la situación de tener que resolver la validez jurídica de la proyectada Ruta 66 después que ésta esté medio hecha o próxima a terminarse. Resolver en tales circunstancias nos pone en la odiosa disyuntiva de ordenar la destrucción de una construcción ilícita en la que se han invertido millones de dólares del pueblo, o aceptar el **_fait accompli_** y aprobar la obra aunque a conciencia pensemos que se hizo ilícitamente. Paralizar ahora nos permitirá considerar en su día las graves cuestiones de este caso con plena libertad y raciocinio y nos evitará tener que hacer entonces decisiones frágiles que puedan parecer ser racionalizaciones más que determinaciones jurídicas válidas. Es por ello que debo disentir del dictamen mayoritario y votar a favor de que se paralicen ahora las obras en cuestión, en lo que podemos completar el examen a fondo del esencial asunto pendiente ante nos.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO